# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SEAN M. DONAHUE,
        Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
PH-3330-18-0099-I-1

DATE: July 19, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Sean M. Donahue, Hazleton, Pennsylvania, pro se.

Stacey Conroy, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant applied to job vacancy announcement number 693-17-CA-2006872-BU for a position as a Government Information Specialist. Initial Appeal File (IAF), Tab 5 at 4-7, Tab 6 at 16. The vacancy announcement indicated that it was open to status candidates, which specifically included "merit promotion and VEOA eligibles." IAF, Tab 5 at 6. The agency generated two certificates, one for internal candidates domiciled at the employing facility and a second for VEOA eligibles. IAF, Tab 6 at 5-11. The appellant was placed on the list of VEOA-eligible candidates only. *Id.* at 10. Both lists were referred to the selecting official. *Id.* at 5-11, 13. The selecting official chose one of the two candidates from the internal list and none of the candidates from the VEOA-eligible list. *Id.* at 14-15. The appellant was only listed on the VEOA-eligible list and was not selected. *Id.* at 14-16. After exhausting his administrative remedies with the Department of Labor (DOL), the appellant filed an appeal claiming that the agency's decision not to select him for the position violated his veterans' preference rights. IAF, Tab 1 at 5, 15.

¶3 Without holding the appellant's requested hearing, the administrative judge issued an initial decision, finding that the Board had jurisdiction over the appeal but denying the appellant's request for corrective action under VEOA. IAF, Tab 10, Initial Decision (ID) at 3-5.

¶4 The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has not responded.

---

[2] On review, the appellant argues for the first time that the agency failed to follow an unspecified presidential policy to hire unemployed veterans before promoting internal candidates. PFR File, Tab 1 at 3. In light of our decision to remand this appeal, we do not address this argument. The administrative judge should provide the appellant with an opportunity on remand to raise and adjudicate this issue, as appropriate.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board has jurisdiction over the appellant's claim that the agency denied his right to compete under 5 U.S.C. § 3304(f)(l).</u>

¶5        In the initial decision, the administrative judge provided the following information regarding the Board's jurisdiction:

> To establish jurisdiction over a VEOA claim, the appellant must show that: (1) he is a preference-eligible veteran; (2) he has alleged the agency has violated his rights under any statute or regulation relating to veterans' preference; and (3) he exhausted his administrative remedies with the Secretary of Labor and filed a timely appeal to the Board.  *See* 5 U.S.C.A. § 3330a.

ID at 2-3.  The administrative judge determined that the appellant satisfied this jurisdictional burden.  ID at 3.

¶6        Although this jurisdictional notice would have been correct in other circumstances, it was not correct here.  Because the agency advertised the vacancy announcement under merit promotion procedures, the administrative judge should have provided the appellant with jurisdictional notice for a "right to compete" claim.  IAF, Tab 5 at 6; *see Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 13 (2008) (explaining that, when an agency fills a vacancy using merit promotion procedures, preference eligibles and qualified veterans are guaranteed the right to compete but not to any point preferences).  To establish Board jurisdiction over a "right to compete" VEOA claim under 5 U.S.C. § 3330a(a)(1)(B), the appellant must (1) show that he exhausted his remedy with DOL and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(l), (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(l).  *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).

¶7     The administrative judge's adjudicatory error, however, is not prejudicial to the appellant's substantive rights and provides no basis for reversal of the initial decision, *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984), because the record is fully developed on this issue, and we conclude that the appellant satisfied this alternative jurisdictional burden.  As the administrative judge correctly observed in the initial decision, the appellant exhausted his administrative remedies with DOL.  ID at 3; IAF, Tab 1 at 15.  The record reflects that the appellant is an eligible veteran under the VEOA hiring authority, the nonselection occurred after 2004, and the appellant alleged that he was denied the opportunity to compete for the position in question.  IAF, Tab 1 at 5, 7-8, Tab 6 at 17.  Thus, we find that the appellant has satisfied his jurisdictional burden under this alternative standard.

The appeal must be remanded because there are genuine issues of material fact that cannot be resolved on the current record.

¶8     On review, the appellant alleges that, contrary to the administrative judge's finding, the agency did not seriously consider him for the position but rather the selection process was a "ruse."  PFR File, Tab 1 at 3.  While the agency acknowledged below that the appellant was entitled to a right to compete for the vacancy under 5 U.S.C. § 3304(f)(1), it argued that his rights were not violated because he applied and was referred for the position but was ultimately not selected.  IAF, Tab 7 at 6-7.  As discussed below, there remain genuine issues of material fact that cannot be resolved on the current record.  Therefore, we disagree with the administrative judge's decision to deny corrective action without holding a hearing and remand the appeal for further development of the record and a remand initial decision.  ID at 3-5; *see Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 13 (2016) (explaining that the Board may decide the merits of a VEOA appeal without a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law).

¶9      Agencies are permitted to fill vacancies by any authorized method. *Montgomery*, 123 M.S.P.R. 216, ¶ 6.  The Board will review the method used by an agency to fill a vacancy to determine if it is authorized when the use of an unauthorized method could have denied covered individuals the right to compete. *Id.*  We find that there is insufficient evidence in the record to determine if the agency denied the appellant the right to compete in filling the vacancy at issue in this appeal.

¶10     When an agency issues a vacancy announcement that is open to individuals outside its workforce, it cannot treat VEOA eligibles in a manner that denies them a bona fide opportunity to compete.  *See Montgomery*, 123 M.S.P.R. 216, ¶ 7 (explaining that the right to compete is triggered when an agency posts a vacancy externally, regardless of whether the agency elects to use merit promotion procedures); *Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175, ¶¶ 8-11 (2010) (finding that, when the agency failed to include a veteran applicant's name on the merit promotion list of qualified candidates and considered and hired from the merit promotion list, which included only the names of internal candidates, the veteran was denied a bona fide opportunity to compete in violation of 5 U.S.C. § 3304(f)(1)).  Such a denial may occur if, for example, an agency forwards candidates entitled to "priority consideration" prior to VEOA-eligible, external candidates and hires from the priority candidate list. *Shapley v. Department of Homeland Security*, 110 M.S.P.R. 31, ¶¶ 10, 12, 16-17 (2008).

¶11     Here, the agency accepted applications from both internal and external candidates.  IAF, Tab 5 at 6, Tab 6 at 6-11.  Yet, the agency created two separate certificates—one for internal candidates domiciled at the employing facility and one for VEOA eligibles.  *Compare* IAF, Tab 6 at 5-7, *with* IAF, Tab 6 at 8-11. While the administrative judge found that the agency made its selection from a certificate of eligibles that included the appellant's name, the record does not support this finding.  ID at 4.  Rather, the record reflects that the agency made its

selection from the internal facility certificate, which did not include the appellant's name. IAF, Tab 6 at 14-15, 17. Whether the agency gave the appellant a bona fide opportunity to compete by considering candidates on both lists on an equal footing is a question we cannot resolve on the current record. The agency has not provided statements from anyone involved in the selection process. Absent additional information, the two separate lists alone may be enough to find the appellant's right to compete was violated. Thus, we must remand the case to the regional office for further development of the record and adjudication of this issue. *Montgomery*, 123 M.S.P.R. 216, ¶ 13.

<u>The parties must be given the opportunity to further develop the record.</u>

¶12        The Board may decide the merits of an appeal alleging the violation of rights under VEOA without holding a hearing where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009).[3] As discussed above, based on the current record, there remain genuine disputed issues of material fact. Therefore, issuing a decision without a hearing, when the appellant requested one, was not appropriate in this case. IAF, Tab 1 at 2. Additionally, because the administrative judge found that the Board had jurisdiction under VEOA, ID at 3, and declined to hold a hearing as he indicated he would in the acknowledgment order, IAF, Tab 2 at 1-2, he was responsible for notifying the parties that there would be no hearing, setting a date on which the record would close, and affording the parties the opportunity to submit evidence regarding the merits of the appeal before the record closed. *See Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010). The administrative judge did not give the parties

---

[3] A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Waters-Lindo*, 112 M.S.P.R. 1, ¶ 5. A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id.*

such notice.  This error was prejudicial to the appellant because there remain genuine disputes of material facts that cannot be resolved on the current record. *Id.*  This appeal must be remanded for the record to be fully developed regarding the material facts.  *See, e.g.*, *Phillips v. Department of the Navy*, [110 M.S.P.R. 184](#), ¶ 12 (2008) (remanding, in part, because the evidentiary record was not sufficiently developed to determine whether a covered individual was given the right to compete).

## ORDER

¶13      For the reasons discussed above, we vacate the initial decision and remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                              /s/ for
                                            _____
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.